# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Roanoke Division

| | |
|---|---|
| JAMAL KEMO SAUNDERS,<br>    Plaintiff,<br><br>v.<br><br>J. KISER, et al.,<br>    Defendants. | Civil Action No. 7:18cv00012<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Pamela Meade Sargent<br>United States Magistrate Judge |

**&**

| | |
|---|---|
| JAMAL KEMO SAUNDERS,<br>    Plaintiff,<br><br>v.<br><br>CARL A. MANIS, et al.,<br>    Defendants. | Civil Action No. 7:18cv00045 |

These cases are before the undersigned for an evidentiary hearing to determine whether the plaintiff filed motions to voluntarily dismiss that were granted by the court, dismissing these cases without prejudice. An evidentiary hearing on the issue was conducted by the undersigned on August 13, 2018. For the reasons set out below, the undersigned finds that the plaintiff did not file, nor authorized anyone else to file, the motions to voluntarily dismiss.

## I. Facts

The plaintiff, Jamal Kemo Saunders, is a Virginia Department of Corrections, ("VDOC"), inmate housed at Wallens Ridge State Prison. In 2018, Saunders, proceeding pro se, filed two separate lawsuits in this court against various VDOC employees. Civil Action No. 7:18cv00012 was filed on January 11, 2018, and Civil Action No. 7:18cv00045 was filed on January 31, 2018. On May 21, 2018, the court received and docketed motions to voluntarily dismiss Saunders's claims. (Docket Item No. 23 in Civil Action No. 7:18cv00012; Docket Item No. 36 in Civil Action No. 7:18cv00045.) The Certificates of Service on the motions state that they were mailed on May 6, 2018. The motions were granted in both cases. (Docket Item No. 24 in Civil Action No. 7:18cv00012; Docket Item No. 38 in Civil Action No. 7:18cv00045.) Promptly after entry of the orders dismissing his cases, Saunders filed a motion for the court to reconsider its order dismissing his case in Civil Action No. 7:18cv00012, (Docket Item No. 25); the court also filed the motion in Civil Action No. 7:18cv00045, (Docket Item No. 39) (collectively, "Motions.") In the Motions, Saunders asserted that he did not file any request that voluntary dismissals be granted in his cases.

At the August 13 evidentiary hearing, Saunders testified that he had been housed at Wallens Ridge State Prison, ("Wallens Ridge"), since June 22, 2017. Before arriving at Wallens Ridge, Saunders said, he was housed at Red Onion State Prison for four years. Saunders specifically testified that he did not send a motion for voluntary dismissal to the court in either of these cases. In fact, Saunders testified that, on May 6, 2018, the date the Certificates of Service alleges that the motions for voluntary dismissal were mailed, he was being held at Wallens Ridge on strip-cell status. In support of his testimony, Saunders submitted "At

Risk" Offender Notification (MH14A) forms showing that he was placed on mental health precautions in a cell without paper or a pen at 1:30 p.m. on May 3, 2018, and remained on this status at 9:25 a.m. on May 17, 2018. (Docket Item No. 33-1, -2 in Civil Action No. 7:18cv00012; Docket Item No. 47-1, -2 in Civil Action No. 7:18cv00045; Plaintiff's Exhibit Nos. 1, 2.)

Saunders testified that he did not write or mail the motions to voluntarily dismiss his cases and that he did not request anyone else to write or file the motions on his behalf. Saunders said that he was indigent and that, to file legal paperwork, he had to submit a form requesting that he be granted an indigent postal withdrawal. He said that he did not complete any such forms for postage for the motions to voluntarily dismiss. Saunders also stated that he had been held in a mental health cell beginning on April 22, 2018, without his legal papers before he was placed on strip-cell status.

Saunders testified that he did not write the current Motions, but he requested another inmate, who he knew as "Bam" to write and file the Motions on his behalf. Saunders testified that he did complete a form requesting an indigent postal withdrawal to file these Motions. Saunders said that Bam also wrote his Complaints in each of these cases. He said that Bam had been released from VDOC custody about a month after he wrote the current Motions for Saunders. While Saunders blamed the defendants for his cases being dismissed, he conceded that he did not have any personal knowledge regarding who had written or filed the motions for voluntary dismissal in these cases.

Saunders admitted that he suffered from a number of mental health diagnoses, including post-traumatic stress disorder, bi-polar disorder and

schizophrenia. He admitted that his mental health problems were so severe that he had suffered from visual hallucinations in 2014. He testified that he was prescribed Seroquel, lithium and Zoloft, which he was taking as prescribed. Despite his mental health problems, Saunders said that he had never filed a document with the court that he later could not remember filing.

On cross-examination, Saunders did admit that he had filed a response in Civil Action No. 7:18cv00045 asking that summary judgment be entered in favor of two defendants based on his failure to exhaust his administrative remedies. (Civil Action No. 7:18cv00045, Docket Item No. 37.)

*II. Analysis*

Pursuant to Federal Rules of Civil Procedure Rule 59(e), a party may file a motion to alter or amend a judgment within 28 days after the entry of judgment. *See* FED. R. CIV. P. 59(e) (2018). In these cases, the Motions were filed within 28 days of the entry of the orders of dismissal. Although Rule 59(e) does not provide the standard that a district court must utilize to consider a motion to alter or amend judgment, the Fourth Circuit in *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997)), held that there are three grounds for amending an earlier judgment:

> … (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.

*See also United States v. Wallis*, 2017 WL 8288094 at *1 (W.D. Va. May 16, 2017).

The uncontradicted evidence in this case is Saunders's sworn testimony that he did not write or file, nor authorize anyone else to write or file, the motions seeking voluntary dismissals of his cases. Based on this uncontradicted evidence, the undersigned finds that Saunders did not write or file, nor authorize anyone else to write or file, the motions. Furthermore, to allow Saunders's cases to stand dismissed based upon a fraud upon both Saunders and the court would be manifestly unjust. Therefore, the undersigned recommends that the court grant the Motions, vacate its previous orders of voluntary dismissal and reinstate these cases on the court's active docket.

ENTERED: October 25, 2018.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE